UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **KENNETH JOHNS, SYLVESTER PORTER,** | * | **CIVIL ACTION NO.** |
| **A.B. STALLING, YOULANDA ROBERTSON,** | | |
| **EVERETT LOTT AND SHAWN JACKSON** | * | **SECTION:** |
| **VERSUS** | * | **MAGISTRATE:** |
| **ASHLAND SERVICES, LLC** | * | **JURY TRIAL REQUESTED** |

\* \* \* \* \* \* \* \*

**COMPLAINT FOR PAST DUE WAGES UNDER THE FAIR LABOR STANDARDS ACT, PENALTY WAGES UNDER LSA-R.S. 23:631 *ET SEQ* AND REQUEST FOR STATUTORY PENALTIES, ATTORNEYS' FEES AND COSTS**

**NOW INTO COURT**, through undersigned counsel, come Plaintiffs, Kenneth Johns, Sylvetser Porter, A.B. Stalling, Youlanda Robertson, Everett Lott and Shawn Jackson, persons of the full age of majority, all domiciled in the State of Louisiana, who respectfully represent:

**PARTIES**

1.

Made defendant herein is Ashland Services, LLC, a domestic Limited Liability Company licensed to do and doing business in the State of Louisiana, whose domicile is located at 3260 Barataria Boulevard, Marrero, Louisiana 70072, Jefferson Parish (hereinafter defendant or "Ashland").

2.

Ashland is an "employer" as envisioned by the Fair Labor Standards Act in that it is engaged in interstate commerce and the individuals it employed are similarly engaged.

Defendant is also an "employer" as defined by LSA-R.S. 23:631 *et seq.* and controlling jurisprudence.

## SUBJECT MATTER JURISDICTION

3.

This Court enjoys federal question subject matter jurisdiction over this matter pursuant to 29 U.S.C. §1331, The Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* and The Portal to Portal Act of 1947, 29 U.S.C. § 251 *et seq*. It has supplementary and/or ancillary jurisdiction over Plaintiffs' state law claims.

## VENUE

4.

Venue is proper under 29 U.S.C. §1391 because Ashland resides and is domiciled within the Eastern District of Louisiana, and the work for which Plaintiffs were unpaid (i.e., a substantial part of the events and omissions giving rise to these claims) occurred within the Eastern District of Louisiana.

## FACTS

5.

Ashland is justly and truly indebted to Plaintiffs under the Fair Labor Standards Act, the Portal to Portal Act, and LSA-R.S. 23:631 *et seq.* for past due wages, penalties, liquidated damages, attorneys' fees and costs arising out of their employment performing various jobs for Ashland following the Deepwater Horizon oil spill in April of 2010.

6.

Ashland required Plaintiffs to work two or more hours each day for which no compensation was paid.

7.

In particular, Ashland required Plaintiffs to arrive at work one or more hour(s) before their scheduled shifts to perform various functions preparing for the day's activities, including but not limited to: checking in workers, filling vehicles with gasoline, performing maintenance on vehicles, and completing other administrative tasks essential to Ashland's operations.

8.

Ashland required Plaintiffs to remain at work one or more hour(s) after their scheduled shifts to perform various functions connected with their daily work, including but not limited to: distributing pay checks, checking out employees, maintaining and repairing vehicles and other administrative tasks essential to Ashland's operations.

9.

Plaintiffs worked seven days per week while employed by Ashland.

10.

Ashland did not compensate Plaintiffs for the two or more hour(s) worked each day before and after their assigned shifts.

11.

Ashland employed Plaintiff, Sylvester Porter, as a van supervisor between April of 2010 and October of 2010, paying him a base salary of between $12.00 and $13.00 per hour, plus overtime.

12.

Upon information and belief, Ashland owes Plaintiff, Sylvester Porter, $7,263.00 in past due wages for uncompensated time he worked on Ashland's behalf.

13.

Ashland employed Plaintiff, Youlanda Robertson, as a driver between May of 2010 and October of 2010, paying her a base salary of between $12.00 and $13.00 per hour, plus overtime.

14.

Upon information and belief, Ashland owes Plaintiff, Youlanda Robertson, $6,219.00 in past due wages for uncompensated time she worked on Ashland's behalf.

15.

Ashland employed Plaintiff, Everett Lott, as a supervisor between June of 2010 and October of 2010, paying him a base salary of $13.00 per hour, plus overtime.

16.

Upon information and belief, Ashland owes Plaintiff, Everett Lott, $6,219.00 in past due wages for uncompensated time he worked on Ashland's behalf.

17.

Ashland employed Plaintiff, Shawn Jackson, as a supervisor between May of 2010 and October of 2010, paying him a base salary of between $12.00 and $13.00 per hour, plus overtime.

18.

Upon information and belief, Ashland owes Plaintiff, Shawn Jackson, $6,198.00 in past due wages for uncompensated time he worked on Ashland's behalf.

19.

Ashland employed Plaintiff, A.B. Stalling, as a driver between April of 2010 and October of 2010, paying him a base salary of between $12.00 and $13.00 per hour, plus overtime.

20.

Upon information and belief, Ashland owes Plaintiff, A.B. Stalling, $7,332.00 in past due wages for uncompensated time he worked on Ashland's behalf.

21.

Ashland employed Plaintiff, Kenneth Johns, as a supervisor between June of 2010 and October of 2010, paying him a base salary of $15.00 to $16.00 per hour, plus overtime.

22.

Upon information and belief, Ashland owes Plaintiff, Kenneth Johns, $6,222.00 in past due wages for uncompensated time he worked on Ashland's behalf. Ashland also owes Kenneth Johns unpaid sums for lodging expenses incurred at Ashland's request and for Ashland's direct benefit.

23.

Plaintiff, Kenneth Johns, made demand for payment upon Ashland on November 10, 2011.

24.

Plaintiffs, Sylvester Porter, Youlanda Robertson, Everett Lott, Shawn Jackson and A.B. Stalling, made written demand for payment upon Ashland on March 2, 2012.

## COUNT ONE:  FAIR LABOR STANDARDS ACT

25.

Plaintiffs reiterate the allegations of paragraphs 1 through 24.

26.

Ashland is an "employer" under the FLSA as it relates to Plaintiffs, and failed to pay Plaintiffs for the work performed as its employees.

27.

Ashland's actions and omissions in failing to pay Plaintiffs at all during the two or more hours each worked before and after their scheduled shifts violated the minimum wage and/or overtime provisions of the Fair Labor Standards Act. Ashland is liable to Plaintiffs for the wages owed for the work performed as set out in this Complaint.

28.

Ashland's actions in not paying Plaintiffs were willful, done in bad faith, without a reasonable basis, and in purposeful noncompliance with the FLSA; therefore, Ashland is also liable to Plaintiffs for liquidated damages.

29.

Ashland is liable to Plaintiffs for attorney's fees and costs under the FLSA.

30.

Ashland is also liable to Plaintiffs for failing to pay wages in violation of the Portal to Portal Act of 1947, 29 U.S.C. §251 *et seq*.

**COUNT TWO: LOUISIANA'S WAGE PAYMENT STATUTE, LSA-R.S. 23:631 *ET SEQ***

31.

Plaintiffs reiterate the allegations of paragraphs 1 through 30.

32.

Ashland was Plaintiffs' "employer" as defined by Louisiana law.

33.

In violation of LSA-R.S. 23:631, Louisiana's Wage Payment Statute, Ashland failed to pay Plaintiffs their past due wages despite amicable demand.

34.

Ashland is liable to Plaintiffs for all past due wages, plus statutory penalties, costs, attorneys' fees, and interest from the date of judicial demand.

## **COUNT THREE:  BREACH OF CONTRACT**

35.

Plaintiffs reiterate the allegations of paragraphs 1 through 34.

36.

Alternatively, Ashland is liable for breach of contract because it failed to pay the agreed upon wages for hours Plaintiffs worked on Ashland's behalf.

37.

Because Ashland was in bad faith in connection with the breach of contract referenced above, it is liable for all consequential damages sustained by Plaintiffs.

38.

Plaintiffs request and are entitled to a trial by jury on all issues herein.

WHEREFORE, Plaintiffs pray that after due proceedings are had, there be judgment in favor of the Plaintiffs, Kenneth Johns, Sylvetser Porter, A.B. Stalling, Youlanda Robertson, Everett Lott and Shawn Jackson, and against defendant, Ashland Services, LLC., for agreed upon wages, penalty wages, liquidated damages, and attorney's fees and costs under the Fair Labor Standards Act, Portal to Portal Act, and Louisiana's Wage Payment Statute, LSA-R. S. 23:631 *et seq*.

Further, and in the alternative, defendant is liable to Plaintiffs for monies owed plus consequential damages including costs and attorney's fees for breach of contract.

Respectfully submitted,

s/ James C. Rather, Jr._____
JAMES C. RATHER, JR. (#25839), T.A.
MICHAEL T. TUSA, JR. (#02154)
SUTTON & ALKER, LLC
4080 Lonesome Road, Suite A
Mandeville, LA 70448
Telephone: (985) 727-7501
Fax No.: (985) 727-7505
E-Mail: jrather@sutton-alker.com
**ATTORNEYS FOR PLAINTIFFS**